ACCEPTED
14-14-00254-CV
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
1/15/2015 10:10:13 AM
CHRISTOPHER PRIN
CLERK

# GIEGER, LABORDE & LAPEROUSE, L.L.C.

ERNEST P. GIEGER, JR.[1,2]
KENNETH H. LABORDE[1,2]
LAMBERT M. LAPEROUSE[1,2]
ROBERT I. SIEGEL[1,2]
ANDREW A. BRAUN[1,2]
LEO R. McALOON III[1,2]
JOHN E. W. BAAY II[1,2,3]
ANDREW M. ADAMS[1,2]
DANIEL G. RAUH[1]
RACHEL G. WEBRE[1]
BRENDAN P. DOHERTY[1,2]
CHRISTOPHER R. TESKE[1,2]
WILLIAM A. BAROUSSE[1,2]
MICHAEL E. HILL[1,2]

MICHAEL D. CANGELOSI
TARA E. CLEMENT[2]
ELIZABETH A. CHICKERING
LAUREN C. CANCIENNE[2]
ERIC C. WALTON
SIMONE MANUEL ALMON
JAMESON M. TAYLOR
EMILY E. EAGAN[2]
MATTHEW F. MORGAN
VICTORIA E. EMMERLING

FORTY-EIGHTH FLOOR
ONE SHELL SQUARE
701 POYDRAS STREET
**NEW ORLEANS, LOUISIANA 70139-4800**
TELEPHONE (504) 561-0400
FACSIMILE (504) 561-1011
WWW.GLLLAW.COM

———

HOUSTON OFFICE:

SUITE 750
1177 WEST LOOP SOUTH
HOUSTON, TEXAS 77027-9064

TELEPHONE (832) 255-6000
FACSIMILE (832) 255-6001

January 15, 2015

MEGAN A. CAMBRE
ERIC S. CHARLESTON[6]
CAITLIN J. HILL[3]
PIEDHAN S. ORD
BRADLEY J. SCHWAB
SANDY Q. HOYT
MARGARET V. GLASS[2]
DALLAS V. COOK[4]

OF COUNSEL
JANET H. ASCHAFFENBURG
J. MICHAEL DIGIGLIA[5]
CHARLOTTE A. FIELDS[4]
GINA S. MONTGOMERY
ALISTAIR M. WARD

[1] LAW CORPORATION
[2] ALSO ADMITTED IN TEXAS
[3] ALSO ADMITTED IN MISSISSIPPI
[4] ONLY ADMITTED IN TEXAS
[5] ALSO ADMITTED IN COLORADO
[6] ALSO ADMITTED IN NEW YORK
  AND WASHINGTON, D.C.
[7] ONLY ADMITTED IN TEXAS
  AND MONTANA

14th COURT OF APPEALS
HOUSTON, TEXAS
1/15/2015 10:10:43 AM
CHRISTOPHER A. PRINE
Clerk

Hon. Christopher A. Prine
Clerk, Fourteenth Court of Appeals
301 Fannin, Suite 245
Houston, Texas 77002

Re: No. 14-14-00254-CV:<br>
*Liberty Surplus Ins. Co. et al., v. Exxon Mobil Corp.*

Dear Mr. Prine:

Appellant Commerce & Industry Insurance Company ("C&I") submits this letter brief under Texas Rule of Appellate Procedure 38.7 to advise the Court of new authority relevant to the above-captioned insurance coverage appeal. As detailed further below, the recent opinion *In re Wyatt Field Serv. Co.*, 14-14-00275-CV, 2014 WL 7366037 (Tex. App.—Houston [14th Dist.] Dec. 23, 2014) reasons that the liability of Exxon Mobil Corporation ("ExxonMobil") arose from its own operations. This supports C&I's argument on appeal that ExxonMobil failed to meet its burden of proving its liability arose out of the operations of Wyatt Field Service Company ("Wyatt") in order to trigger indemnity coverage under C&I's insurance policy. C&I therefore respectfully requests that the Court consider this post-submission letter

brief and the *Wyatt* opinion (attached as Exhibit A hereto) as additional authority in support of C&I's position on appeal.

This appeal arises from the denial of additional insured coverage to ExxonMobil under primary and excess liability insurance policies issued to Wyatt. After an explosion at ExxonMobil's Baytown refinery, ExxonMobil settled the lawsuit brought by two injured workers under Cause No. 2011-44838 entitled, *McBride, et al. v. Exxon Mobil Corp., et al.*, in the 125th Judicial Circuit Court of Harris County (the "underlying lawsuit"). The underlying lawsuit then proceeded to trial against Wyatt. The jury in the underlying lawsuit returned a verdict finding that Wyatt was not negligent and that ExxonMobil was solely responsible for the plaintiffs' injuries. After the trial court granted the workers' motion for a new trial, Wyatt sought mandamus relief from this Court.

In the meantime, ExxonMobil filed suit seeking coverage for its settlement of the underlying lawsuit as an additional insured under Wyatt's primary and excess liability policies (the "coverage action"). The same trial court that granted the injured workers' motion for a new trial also presided over the coverage action and granted summary judgment in favor of ExxonMobil and against the insurers. Without supplying any reasoning for its ruling, the trial court found the insurers had a duty to indemnify ExxonMobil for its settlement. This appeal ensued. On the same day that the insurers filed their reply briefs in this appeal, this Court conditionally granted Wyatt's petition for writ of mandamus and ordered

reinstatement of the jury verdict in the underlying lawsuit. *See Wyatt*, 2014 WL 7366037, at *14.

The *Wyatt* mandamus opinion reinstating the jury verdict is relevant to this appeal. In C&I's opening brief, C&I asserts that the proceedings in the underlying lawsuit – including the jury's verdict – are necessary to determining whether ExxonMobil's liability arose out of Wyatt's operations.[1] This is because when the trial evidence and jury verdict establish that the putative additional insured's liability arises out of its own operations, then the additional insured cannot meet its burden of proving it is entitled additional insured coverage. (C&I Opening Br. §III at p. 29-34) Additionally, C&I's opening brief also asserts that the trial court improvidently granted ExxonMobil's summary judgment motion because a determination regarding C&I's indemnity obligation, if any, is necessarily premature until final judgment is entered in the underlying lawsuit. (C&I Opening Br. §III at p. 36-37) *Wyatt* bears directly on these points.

In *Wyatt*, this Court held that the trial court abused its discretion in granting a new trial because the jury's verdict absolving Wyatt of liability was not against the great weight and preponderance of the evidence. *Wyatt*, 2014 WL 7366037, at *10. After reviewing the evidence, this Court held that the jury's finding that

---

[1] This letter brief is intended only to supplement C&I's alternative argument that the trial court erred in granting summary judgment because issues of fact exist as to whether ExxonMobil's liability arose out of Wyatt's operations. (C&I Opening Br. §III; C&I Reply Br. §IV) This letter brief does not supersede or waive any arguments previously raised.

Wyatt was not negligent was supported by credible testimony establishing that there was nothing in Wyatt's files to confirm that Wyatt had installed certain safety chains in 2008. *Id.* This Court further reasoned that the jury's finding was also supported by evidence establishing that ExxonMobil's design of, and instructions for installing, a dummy nozzle system were inadequate. *Id.* This Court therefore ordered the trial court to vacate its order granting a new trial and render judgment on the jury verdict in Wyatt's favor. *Id.* at 14.

The *Wyatt* opinion supports C&I's position that ExxonMobil failed to meet its burden of proving it is entitled to additional insured coverage because ExxonMobil's liability in the underlying lawsuit arose out of Wyatt's work. ExxonMobil does not dispute that it had the heavy burden on summary judgment to "conclusively prove" that it was an additional insured under the C&I policy. (ExxonMobil Br. p. 26) *See Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex. 1999). The *Wyatt* opinion reinforces the reasons outlined in C&I's briefing as to why ExxonMobil did not meet that burden. As this Court in *Wyatt* found, credible evidence established that Wyatt did not perform the work, and that ExxonMobil's installation and design were inadequate. *Wyatt,* 2014 WL 7366037, at *10. Under both scenarios, ExxonMobil's liability arose out of its own operations – not Wyatt's. Accordingly, in moving for summary judgment ExxonMobil failed to meet its burden to conclusively prove a causal connection between the accident and Wyatt's operations.

Further, as explained in C&I's opening brief, a final adjudication of liability in the underlying lawsuit is necessary to determine whether Exxon's liability arose out of Wyatt's operations. *See Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.,* 256 S.W.3d 660, 668 (Tex. 2008) (explaining that "without a determination of liability, it is impossible to say whether [the additional insured's] responsibility for the accident, if any, excluded it from coverage"). At the time the trial court granted ExxonMobil's motion for summary judgment in the coverage action, the jury verdict in the underlying lawsuit had been vacated and a new trial had been ordered. Additionally, while the *Wyatt* Court has now conditionally granted Wyatt's mandamus writ and ordered that judgment be rendered on the jury verdict, the judgment is not yet final.[2]  Therefore, if this Court finds that an issue of fact is presented regarding whether liability arose out of Wyatt's operations, C&I requests this Court to reverse and vacate the judgment in favor of ExxonMobil with directions on remand that the coverage action be stayed until final judgment is entered in the underlying lawsuit.[3]

---

[2] Plaintiffs have filed a petition for rehearing *en banc* from the *Wyatt* court's mandamus order.

[3] Because this argument is an alternative to C&I's primary argument on appeal that ExxonMobil does not qualify as an additional insured under Endorsement No. 7 (C&I Opening Br. 22-28), if the Court reverses on that issue, the Court need not reach the issue of whether ExxonMobil's liability arose out of Wyatt's operations, and a stay pending judgment in the underlying lawsuit is not required.

Respectfully submitted,

*[signature]*

BRENDAN P. DOHERTY

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January, 2015, a true and correct copy of the above and foregoing instrument was served on all parties and counsel of record, in accordance with Rule 21a, T.R.C.P.

Mike Morris
Danny L. Van Winkle
TEKELL, BOOK, ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300
Houston, Texas 77010

David M. Gunn
Beck, Redden & Secrest, LLP
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010

Brian S. Martin
Rodrigo "Diego" Garcia, Jr.
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1600
Houston, Texas 77056

*[signature]*

BRENDAN P. DOHERTY